Daniels, J.
The plaintiff is a corporation,and performed services in erecting and finishing a steam heating apparatus, and other steam work, for the building located on the northwest corner of Fifty-seventh street and Seventh avenue. It was employed on the first instance to render these services by a contract made with Thomas Osborne.
The amount to be paid for the performance of the agreement by him was the sum of $21,250, payable in eleven different instalments. The plaintiff proceeded so far in the performance of the agreement as-to become entitled to th'e first instalment of $2,500. Forty per cent of that amount was not paid by Osborne, and the plaintiff for that reason declined to proceed with the work, and its tools and impie ■ ments there employed were taken away After that, it is claimed by the plaintiff, that it entered into an agreement *399 with John Taylor, the testator, to proceed with this work and complete it according to the terms of the contract made with Osborne, and that it had performed the agreement and become entitled to recover the amount unpaid for such pei for manee, and also for extra work asserted to have been added in the progress of the performance of the agreement.
The hability of the testator to make the payment was denied by the executors, and the referee considering the proofs to have failed to establish this liability dismissed the proceeding. The court, however on a motion supported by a case made, set aside the report and directed a further hearing of the proceeding before another referee.
The principal defect considered by the referee in the proof was the failure to prove the employment of the plaintiff to do the work by the testator. Proof of the agreement relied upon was offered to be made by Osborne, the person with whom the agreement in writing had been made, but he was held to be incompetent to give' the evi dence under section 829 of the Code of Civil Procedure. This incompetency was considered to consist in the fact that he was interested in the result of the proceeding, but this interest does not, appear to have existed. For whatever the plaintiff might recover in the proceeding, by estab lishing a contract with Taylor, would have subjected him to no loss, other than that he had already incurred through his failure to perform, and secured him no gam.
The view taken by the referee apparently was that he was interested in establishing the making of the agreement with Taylor to avoid liability under his own agreement with the plaintiff, but the making of the agreement with Taylor would not have been attended with that result. His relations with the plaintiff would remain precisely the same, so far as he had proceeded with the performance of the agreement, even if this alleged contract with Taylor should be proved to have been made. For while the contract has been broadly stated to be one for the performance of the agreement made by Taylor with Osborne, it clearly would include only that part of the work which was left uncompleted when Osborne failed to fulfil the agreement by making payment of the first instalment. The description of the agreement relied upon contained in the statement made as the plaintiff’s claim was, that Taylor agreed that if the plaintiff would go on and perform the work according to the terms and conditions of the contract with Osborne, he would pay the amount that should become due according to that contract.
This, however, did not include what might have pre-. viously become due to the plaintiff from Osborne, but only so much of the contract price as would afterwards become *400 due for the work the plaintiff might perform under the alleged agreement with Taylor. The agreement proposed to be proven was a separate and distinct contract from that which had been subscribed by the plaintiff and Osborne, and their agreement was referred to for the purpose only of indicating the work which was to be done, and the amount to be paid for its performance. In that Osborne had no interest. He was to receive nothing nor lose anything by what should afterwards transpire in this business between the plaintiff and Taylor. And as he was not interested in the result of the proceeding, his testimony as to-the contract should have been received by the referee.
The other two witnesses, George H. Kitchen and Solon Farrer, were stockholders in the corporation, and as such interested in maintaining the proceeding against the executors. Keller v. West Bradley, etc. Manufacturing Co., 39 Hun, 348, 356, 357.
They were accordingly incompetent, and the referee was. right in excluding their evidence. The only exception made in favor of the competency as witnesses of the stockholders of a corporation, are of those owning stock in a banking corporation, and that did not include the plaintiff. It was proposed to make the witness Farrer competent by the delivery of a release releasing the executors from all claim, demand and interest that he had in the demand in the proceeding. He had no claim or demand against them They were in no form, either directly or indirectly, liable to him, but if any liability existed it was in favor of the plaintiff. The release proposed could not, therefore, restore his competency as a witness.
An equally decisive reason why the proceeding should not have been dismissed arises upon the statement and denials which were made to serve the purposes of pleadings in the proceedings. On behalf of the plaintiff, it was stated that Taylor had agreed if the plaintiff would go on with the work under the contract and perform it according to its terms and conditions, he would pay the amount that should become due according to that contract, and thereupon they entered upon and performed the duties required by that contract. The contract here referred to is the one which was made between the plaintiff and Osborne. In the answer to this statement, the executors did not deny the making of the alleged agreement with the testator. Their denial extended no further than to deny that the plaintiff had performed the contract, followed by the allegation that the defendants were not liable for any payments coming due under the contract, even though it should be found that the work was performed as against Osborne. This answer clearly admitted the making of the agreement with Taylor, *401 as that was stated by the counsel for the creditor, and was entered and received by the referee as the complaint in the proceeding. Under this state of the allegations made and. the answer to them, the contract was admitted that Taylor did agree with the plaintiff that if it would go on and perform the work, he would pay it the amount that should, become due for such performance, according to the contract previously made with Osborne. That dispensed with proof of the agreement, and subjected the plaintiff only to the obligation of proving its performance and the amount still remaining due to it for such performance. The court, at the special term was right in setting aside the referee’s report, and directing another hearing of the proceeding, and the order from which the appeal has been taken should be affirmed, together with ten dollars costs besides the disbursements.
Yah Brunt, P. J., and Brady, J., concur.